UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | Case No. 25-MJ-00180 |
| v. | : | |
| | : | |
| **COLLETTE MEATH,** | : | |
| | : | |
| **Defendant.** | : | |

**REPLY IN SUPPORT OF GOVERNMENT'S
MOTION TO DISMISS WITHOUT PREJUDICE**

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, submits this reply in further support of the government's Motion for Leave to Dismiss Complaint Without Prejudice. ECF 9.

On September 16, 2025, the government moved to dismiss this matter without prejudice and advised the Court that misdemeanor charges relating to the same incident involving the defendant were filed in the Superior Court for the District of Columbia. *See* ECF 9. Defendant's Response, filed the same day, sought a dismissal of this matter with prejudice. *See* ECF 10. The Court has already granted the Government's motion to dismiss the Complaint and ordered the government file this reply addressing the issue of prejudice.[1] *See* September 18, 2025, Minute Order (explaining that the Court would consider the issue of dismissal with prejudice and expungement of the arrest warrant separately and directing the government to file a reply).

---

[1] Defendant did not request expungement in the filing opposing dismissal without prejudice. ECF 10. Nor did Defendant's counsel request expungement in the proceedings on September 17, 2025. The Court's September 18, 2025, Minute Order raised the issue as follows: "Based on the parties consent, the Court ORDERED the case DISMISSED without prejudice forthwith. The Court will consider the issue of dismissal with prejudice and expungement of the arrest warrant separately. Government to file reply to [ECF 10] by September 22, 2025." At the Court's request, the government will address expungement of the arrest warrant in this filing.

1

For several reasons, Defendant's motion to dismiss with prejudice should be denied. *First*, all parties agree that dismissal in District Court, and charges proceeding in Superior Court, is the appropriate outcome here, particularly given Defendant's likely competency issues. *Second*, these circumstances do not overcome the legal presumption in favor of a no prejudice dismissal. The government does not seek dismissal of this matter for tactical gain nor to harass the defendant by rebringing the case under more advantageous circumstances. The government reasonably and promptly chose to pursue charges in the Superior Court for the District of Columbia instead of this Court and the reasons at this juncture —notably, Defendant's competency issues—are clear from the developing record. *Third*, Defendant's request for a dismissal with prejudice is based on inaccurate speculation about the government's charging decisions. *Fourth*, the Speedy Trial Act does not require dismissal with prejudice. *Fifth*, there is no statutory basis for, nor any "extraordinary circumstances" justifying, expungement of Defendant's arrest. Accordingly, the Court should grant the government's Motion for Leave to Dismiss Without Prejudice.

## Procedural History

On August 26, 2025, members of the U.S. Capitol Police ("USCP") arrested Defendant Collette Meath for assaulting, resisting, or impeding certain officers and employees of the United States pursuant to 18 U.S.C. § 111(a)(1). As alleged in the Statement of Facts, Defendant was observed climbing into a restricted area on the steps of the U.S. Capitol Building. After disobeying a verbal command to stop, USCP officers followed Defendant up the steps to detain and arrest her. During the arrest, Defendant bit a USCP officer on the hand. On August 27, 2025, the Honorable G. Michael Harvey authorized an arrest warrant and criminal complaint charging Defendant with violating 18 U.S.C. § 111(a)(1) for biting a USCP officer.

At her initial appearance before this Court on August 27, 2025, the Court released Defendant with conditions, including that she report to Pretrial Services by August 28, 2025, to arrange an interview. The Court scheduled a preliminary hearing in this matter on September 17, 2025, at 11:00 a.m.[2]

On September 12, 2025, the government filed an Information in the Superior Court for the District of Columbia in Case No. 2025 CSPLD 000662, charging Defendant with one count of assault on a police officer (misdemeanor) under D.C. Code § 22-405, arising from Defendant's alleged acts on or about August 26.  A summons was issued for Defendant's appearance in Superior Court on October 21, 2025, at 1 p.m.

On September 16, 2025, pursuant to Federal Rule of Criminal Procedure 48, the government filed a Motion for Leave to Dismiss Without Prejudice. *See* ECF 9. On September 16, 2025, Defendant's counsel filed a response seeking to have this matter dismissed with prejudice on the allegation that the government's dismissal is "gamesmanship" amounting to "objective prosecutorial harassment."  *See* ECF No. 9.

On September 17, 2025, this Court held a hearing.  Defendant failed to appear.[3]  The Court granted the government's motion to dismiss the Complaint and held over the issue of whether dismissal was with or without prejudice.  *See* September 17, 2025, Minute Entry; September 18, 2025, Minute Order.  As discussed below, there is no legal or factual basis for dismissal with prejudice.  Defendant's motion for dismissal with prejudice should be denied.

---

[2] On September 5, 2025, Defendant was arrested in Frederick County, Maryland for throwing a rock at an ATM machine.  Pretrial Services has advised that Defendant has a pending charge and October court date in that jurisdiction.

[3] Defendant's counsel waived her client's appearance at the September 17, 2025, proceeding.

**<u>Relevant Law</u>**

Federal Rule of Criminal Procedure 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment, information or complaint." The Supreme Court has explained that the "'principle object of the leave of court requirement' has been understood to be a narrow one — 'to protect a defendant against prosecutorial harassment . . . when the [g]overnment moves to dismiss an indictment over the defendant's objection.'" *United States v. Fokker Services B.V.*, 818 F.3d 733, 742 (D.C. Cir. 2016) (quoting *Rinaldi v. United States*, 434 U.S. 22, 29 n.15 (1977)). Therefore, a court reviews the government's motion under Rule 48(a) "primarily to guard against the prospect that dismissal is part of a scheme of prosecutorial harassment of the defendant through repeated efforts to bring—and then dismiss—charges." *Fokker Services*, 818 F.3d at 742.

As a general matter, Rule 48(a) only allows the court to reject the government's motion to dismiss without prejudice in "exceptional" cases due to the "strong presumption in favor of a no prejudice dismissal[.]" *United States v. Borges*, 153 F. Supp. 3d 216, 219 (D.D.C. 2015). *See also, e.g.*, *United States v. Trump*, 757 F. Supp. 3d 82, 83 (D.D.C. 2024) ("When a prosecutor moves to dismiss an indictment without prejudice, there is a strong presumption in favor of that course. A court may override the presumption only when dismissal without prejudice would result in harassment of the defendant or would otherwise be contrary to the manifest public interest.") (citations and quotation marks omitted). The question of whether to dismiss a case pursuant to Rule 48(a) with, or without, prejudice turns on whether the dismissal itself is being sought for an improper purpose, such as "to gain a tactical advantage" or to bring the case again under more advantageous circumstances. *United States v. Pitts*, 331 F.R.D. 199, 203 (D.D.C. 2019); *see also Rinaldi*, 434 U.S. at 30 (noting that "[t]he salient issue" in deciding whether to permit termination of prosecution under Fed. R. Crim. P. 48(a) is whether the government's "efforts to terminate the

4

prosecution [] were tainted with impropriety"). "The key factor in a determination of prosecutorial harassment is the propriety or impropriety of the Government's efforts to terminate the prosecution—the good faith or lack of good faith of the Government in moving to dismiss." *United States v. Salinas*, 693 F.2d 348, 351 (5th Cir. 1982). *See also United States v. Hayden*, 860 F.2d 1483, 1487 (9th Cir. 1988) ("A fundamental consideration in addressing the propriety of a prosecutor's [Fed. R. Crim. P. 48(a)] dismissal motion is whether the motion is made in 'good faith.'"). "It is only when those considerations overcome the presumption that the public interest favors a dismissal without prejudice, that a dismissal shall be ordered with prejudice." *United States v. Madzarac*, 678 F. Supp. 3d 42, 48 (D.D.C. 2023).

Where the government has sought dismissal without prejudice, courts instead have granted dismissal with prejudice only where the government has sought to dismiss a case to obtain a tactical advantage, harass the defendant, or otherwise rebring the case at a more advantageous time for the government. For example, in *Pitts*, 331 F.R.D. at 204, the court denied the government's request to dismiss without prejudice where the government failed to timely seek DNA testing and sought to salvage the case by dismissing without prejudice with hopes to rebring the prosecution once DNA test results were received. Specifically, the government advised the court that it was seeking dismissal "without prejudice in order to get the [DNA] tests done." *Id.* at 202. Because the purpose of the dismissal without prejudice "was clearly tactical, to better position the government to try this case, which is clearly prohibited under D.C. Circuit precedent," the court dismissed the case with prejudice. *Id.* at 205.

In *United States v. Poindexter*, 719 F. Supp. 6, 10 (D.D.C. 1989), the court explained that dismissal with prejudice is warranted when allowing re-prosecution "would result in harassment of the defendant or would otherwise be contrary to the manifest public interest." In *Poindexter*,

5

the court declined to dismiss two counts of an indictment without prejudice where the government was seeking to gain a tactical advantage by preserving the possibility of re-prosecuting the defendant at a time when he would not need access to classified documents. *Id.* at 12 n.18. Similarly, in *United States v. Fields*, 475 F. Supp. 903, 905-08 (D.D.C. 1979), the court dismissed an indictment with prejudice where the government indicted the defendant to coerce her cooperation in another case despite knowing that its key witness—without whom the government could not prosecute the defendant—was not credible. In *United States v. Derr*, 726 F.2d 617, 619 (10th Cir. 1984), the Tenth Circuit held that dismissal with prejudice was warranted where the government sought dismissal solely because it was dissatisfied with the state of the investigation and charges and the defendant was prepared to proceed to trial. And in *Salinas*, 693 F.2d at 353, the Fifth Circuit dismissed an indictment with prejudice on grounds that the government was engaging in harassment and improper maneuvering, when the government sought to dismiss a case on the first day of trial because it was unhappy with the jurors who had been selected.

<u>**Analysis**</u>

**I.      All parties agree that dismissal is the correct outcome based on these facts**

The developing record shows that Defendant may have competency issues. She is alleged to have bitten a U.S. Capitol Police Officer who was attempting to restrain her. She was released into the community after her arrest but immediately violated her Conditions of Release by failing to contact Pretrial Services to be interviewed. *See* ECF 6 (requiring that Defendant check in with Pretrial Services by August 28, 2025); ECF 7 (Pretrial Violation Report). She did not appear for court on September 17, 2025. Pretrial Services does not have a phone number to contact her. Defense counsel did not, at the court appearance, have a number to contact Defendant. She was recently arrested in Maryland for throwing a rock at an ATM machine.

At the September 17, 2025, hearing, defense counsel agreed with the government and the Court that the District Court Complaint should be dismissed.

## II. These circumstances do not overcome the presumption of a no prejudice dismissal

The government's request for leave to dismiss the Complaint comes with a strong legal presumption. For several reasons, these circumstances do not fall within the narrow exception warranting the Court's intervention in the government's proposed course of action.

*First*, as the Court pointed out in the hearing on September 17, the discretion whether to charge in Superior Court or District Court in the District of Columbia lies exclusively with the U.S. Attorney. *See also Salinas*, 693 F.2d at 351-2 (citation omitted) ("The Executive remains the absolute judge of whether a prosecution should be initiated and the first and presumptively the best judge of whether a pending prosecution should be terminated. The exercise of its discretion with respect to the termination of pending prosecutions should not be judicially disturbed unless clearly contrary to manifest public interest.")

Despite defendant's assertions, the government's choice to initiate misdemeanor charges for assault on a police officer, pursuant to D.C. Code § 22-405, in the Superior Court against the defendant as opposed to continuing to pursue federal felony charges cannot possibly be considered prejudicial to defendant. D.C. Superior Court has faster procedures for competency screening, and the potential for Defendant to participate in Mental Health Community Court.

Ignoring this reality, and the strong presumption that favors a dismissal without prejudice, Defendant asserts that seeking a dismissal without prejudice "constitutes a strategic use of Rule 48 . . . and objectively amounts to prosecutorial harassment." *See* ECF No. 10 at 3-4, citing *United States v. Simmons*, Case No. 18-cr-344 (EGS), 2022 WL 1302888 at *19 (D.D.C. May 2, 2022). But, in circumstances akin to these, the *Simmons* Court found that the government did *not* engage

in "unlawful prosecutorial harassment" when the government transferred a Superior Court gun case to the District Court for prosecution because it believed that the defendant's "demonstrated danger to the community merited a § 922(g) charge" and that the federal charge "would lead to a more just sentence." *Id*.  The Court found that the government had the authority and discretion to determine where and what charges to bring when criminal acts were believed to have occurred in the District of Columbia—even when that change results in the potential for a more serious sentence:

> [T]he U.S. Attorney for the District of Columbia may elect to prosecute a given criminal defendant on federal rather than District charges, even though the former carry stiffer penalties[.] . . . In fact, the prosecutor may select one alternative charge over another precisely because the selected offense carries a more severe sentence. . . . [T]he prosecutor retains the right before trial to change his mind and to re-indict a criminal defendant on more serious charges if the prosecutor decides that he charges initial brought do not adequately reflect the gravity of the defendant's conduct.

*Id*. at * 20, citing *United States v. Goodwin*, 457 U.S. 368, 381-82 (1982).  Given that the Court found no prosecutorial harassment in *Simmons* when more serious charges were brought, it is hard to fathom that the defendant can demonstrate prosecutorial harassment when the government has a rational basis to choose to dismiss Defendant's District Court felony to bring lesser charges in Superior Court.

*Second*, the present case is readily distinguishable from the cases Defendant cites where courts have denied leave for the government to dismiss charges.  The government is not dismissing some charges but not others, *see Poindexter*, 719 F. Supp. at 12, or dismissing the complaint in order to conduct forensic testing that could not be completed before a required date under the Speedy Trial Act, *see Pitts*, 331 F.R.D. at 201.  This is not a case where the government is requesting dismissal without prejudice to induce a defendant's cooperation in another case, *Fields*,

8

475 F. Supp. at 905-08, nor seek a different jury pool, *see Salinas*, 693 F.2d at 352. In this case, the government is dismissing the complaint for the roundly-recognized reason that Defendant Meath appears to have competency issues that would be better addressed and accounted for in Superior Court proceedings.

*Third*, Defendant's unsupported claim that bringing charges in the Superior Court for the District of Columbia is somehow "a more favorable venue" (ECF No. 10 at 1) to the government is without any factual support. Jurors in the District of Columbia District Court and the Superior Court are both drawn from the same larger pool: Washington, D.C. residents. Indeed, in both Courts, the judges are appointed by the President, the jury pool is District of Columbia residents, and Defendant has access to counsel. Defendant's filing does not explain how Superior Court is more favorable to the government.

### III.  Defendant's filing is based on inaccurate speculation about the government's charging decisions

Defendant's filing speculates that the government is attempting "to hold the charges in abeyance indefinitely to perhaps someday put its case before a different grand jury." *See* ECF 10 at 5. But as the government explained on the record at the September 17 hearing, government counsel did not present Defendant's case to a District Court grand jury.[4] So there is no gamesmanship for a "different grand jury" in the government's request.

Defendant has provided no other facts supporting the contention that the government's Motion to Dismiss Without Prejudice is based on improper motive or bad faith. Here, of course, the basis for proceeding in Superior Court instead of District Court include the efficiencies inherent

---

[4] The Court agreed with the government that this assertion does not violate Federal Rule of Criminal Procedure 6(e)'s confidentiality requirements. *See also Corsi v. Mueller*, 422 F. Supp. 3d 51, 69–70 (D.D.C. 2019), aff'd, 819 F. App'x 6 (D.C. Cir. 2020) ("A prosecutor's statement about her own investigation, rather than a grand jury's investigation, does not implicate the rule."); *In re Sealed Case No. 99-3091*, 192 F.3d 995, 1002 (D.C. Cir. 1999).

in managing both of defendants pending criminal cases in a single courthouse. Nor, given the promptness of the government's exercises of prosecutorial discretion here (less than three weeks after arrest), is there any reason to believe the decision is undertaken in bad faith.

Because the dismissal in this case is neither being requested in bad faith nor to harass the defendant, and because the government has not sought dismissal to obtain a tactical advantage or otherwise rebring the case at a more advantageous time, dismissal with prejudice is not appropriate.

### IV.  There is no Speedy Trial Act violation requiring any action by the Court

Defendant incorrectly claims that the Speedy Trial Act requires dismissal with prejudice. ECF 10 at 7. First, the Speedy Trial Act does not apply. And second, even if it did, the Speedy Trial Act factors support dismissal without prejudice.

The Speedy Trial Act requires the filing of an information or indictment within 30 days of a defendant's arrest. 18 U.S.C. § 3162(a)(1). In the absence of an information or indictment within 30 days, the complaint shall be dismissed or otherwise dropped. *Id.* Here, the complaint was dismissed well before the 30 days had run.[5]

Nevertheless, even assuming arguendo that the Speedy Trial Act applied, the statutory factors for whether to dismiss with prejudice counsel in the government's favor. The Speedy Trial Act requires the Court to consider (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (2) the impact of a re-prosecution on the administration of [the Speedy Trial Act] and the administration of justice. *Id.*

Defendant is alleged to have committed a serious offense. She was restrained while climbing—against the verbal command of U.S. Capitol Police Officers—into a restricted area on

---

[5] Only 23 days elapsed between the date of Defendant's arrest (August 26) and the date of the Court's Minute Order dismissed the complaint (September 18, 2025).

10

the U.S. Capitol steps.  She bit an officer's hand during the arrest.  As discussed above, the facts and circumstances show that the government is—in its appropriate discretion—choosing at this point to proceed in Superior Court, rather than District Court, giving the evolving evidence on Defendant's competency.  While serious, this case is not so complicated in nature that it requires significant judicial resources.  Defendant's allegation that reprosecution would be a "substantial burden" is not specific to this case but appears to rely on unfounded speculations about the government's charging decisions.

> V. These are no constitutional violations or other exigent circumstances supporting expungement of Defendant's arrest

"The power to order expungement is part of the general power of the federal courts to fashion appropriate remedies to protect important legal rights." *United States v. Archer*, Criminal No. 07-0029, 2012 WL 5818244, at *1 (D.D.C. Nov. 13, 2012).  "Before expunging a criminal record, the Court must find, after examining the particular facts and circumstances of the case, the remedy is necessary and appropriate in order to preserve basic legal rights." *United States v. Davis*, No. CR. 342-72, 2006 WL 1409761, at *2 (D.D.C. May 23, 2006).  In the absence of an enabling statute, a federal court's jurisdiction to hear motions to expunge convictions or arrests is limited to "the exercise of its inherent or equitable powers." *United States v. Hall*, Criminal No. 11-253-04, 2020 WL 1286386, at *2 (D.D.C. Mar. 18, 2020).  The "general rule" is that "expungement of an arrest record is appropriate when serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest." *Doe v. Webster*, 606 F.2d 1226, 1231 (D.C. Cir. 1979).

In this Circuit, there is no "standalone right" to the expungement of government records. *United States v. Douglas*, 282 F. Supp. 3d 275, 278 (D.D.C. 2017) (quoting *Abdelfattah v. U.S.*

11

*Dep't of Homeland Sec.*, 787 F.3d 524, 536 (D.C. Cir. 2015)).  When a court has exercised its inherent equitable power to order expungement, it has been due to "either a lack of probable cause coupled with specific circumstances, flagrant violations of the Constitution, or other unusual and extraordinary circumstances."  *Doe*, 606 F.2d at 1230; *see also United States v. Blackwell*, 45 F. Supp. 3d 123, 124 (D.D.C. 2014) ("Absent a statutory basis authorizing expungement, courts have granted motions to expunge only in extreme circumstances, such as in cases involving flagrant constitutional violations.").

Here, there are no flagrant constitutional violations.  Defendant Meath defied a clear verbal command and proceeded into a prohibited area of the U.S. Capitol.  There is no question that there was probable cause to arrest her for that alone—but then she bit a law enforcement officer.  The entire incident is captured on body warn cameras by U.S. Capitol Police.

Further, the government has a legitimate need to maintain records of arrests and convictions. In this Circuit, when assessing whether to invoke its inherent authority to grant a motion for expungement of an arrest record, the Court considers whether "serious governmental misbehavior leading to the arrest, or unusually substantial harm to the defendant not in any way attributable to him, outweighs the government's need for a record of the arrest."  *United States v. Davis*, No. CR 342-72, 2006 WL 1409761, at *2 (D.D.C. May 23, 2006) (citations omitted).  This Circuit is clear that the government has a "legitimate need for maintaining criminal records in order to efficiently conduct future criminal investigations."  *Doe*, 606 F.2d at 1243.  "Retaining and preserving arrest records serves the important function of promoting effective law enforcement" and serves the "compelling public need for an effective and workable criminal identification procedure."  *United States v. Schnitzer*, 567 F.2d 536, 539 (2d Cir. 1977) (quotation omitted); *see also United States v. Woods*, 313 F. Supp. 3d 197, 200 (D.D.C. 2018) ("The

government has both the statutory authority to maintain criminal records and a demonstrated need to do so in order to conduct future criminal investigations efficiently."). Retaining criminal records "aids in effective law enforcement," and maintaining records of convictions "helps preserve uniform sentencing under the United States Sentencing Guidelines" because the sentencing ranges rely in part on a defendant's past criminal history. *United States v. Salleh*, 863 F. Supp. 283, 284 (E.D. Va. 1994). As a result, expungements of criminal records are rare, without authorizing statute or extraordinary circumstances. "[R]elief usually is granted only in extreme circumstances, the finding of which requires a balancing of the equities between the right of privacy of the individual and the right of law enforcement officers to perform their necessary duties." *Davis*, 2006 WL 1409761, at *2 (internal quotation marks and quotation omitted).

      Defendant has outstanding warrants in two other states, but this was her first known arrest in the District of Columbia. And it was for a crime of violence. Defendant is currently in the wind, having violated the conditions of her release and violated a court order requiring her appearance at court proceedings. The government has a legitimate interest in maintaining record of Defendant's arrest.

**Conclusion**

For the aforementioned reasons, the government respectfully requests that its Motion for Leave to Dismiss the Complaint be granted.

Respectfully submitted,

JEANNINE FERRIS PIRRO
UNITED STATES ATTORNEY

By:  /s/ Sarah C. Ranney
Sarah C. Ranney, NY Bar No. 5050919
Assistant United States Attorney
United States Attorney's Office
District of Columbia
D.C. Bar No. 1658708
601 D Street NW
Washington, D.C. 20530
202-252-7051
Sarah.Ranney@usdoj.gov